**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL ACTION NO. 1:17-CV-099-DCK**

| | |
|---|---|
| **TRES CONLEY WALDROOP,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **NANCY A. BERRYHILL,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Consent Motion For Reversal And Remand Pursuant To Sentence Four Of 42 U.S.C. § 405(g)" (Document No. 22) filed December 22, 2017. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security, has moved this Court, pursuant to sentence four of 42 U.S.C. § 405(g), to enter a judgment reversing her decision with a remand of the case for further administrative proceedings. Plaintiff's counsel has indicated that he does not oppose the Defendant's motion for remand.

Pursuant to the power of this Court to enter a judgment reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), this Court hereby REVERSES the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the case to the Commissioner for further proceedings. See Melkonyan v. Sullivan, 501 U.S. 89 (1991).

In addition, the undersigned observes that Plaintiff's counsel, Russell R. Bowling, in his "Notice Of Counsel's Address" (Document No. 21), only partially complied with the Court's Order to confirm who currently represents Plaintiff and whether their contact information is correct. See (Document Nos. 19 and 21). Plaintiff failed to note whether Paul B. Eaglin continues to represent Plaintiff and/or whether his contact information is correct. If Mr. Eaglin no longer represents a party in this case, or any other case in this Court, he should move to withdraw pursuant to Local Rule 83.1 (F).

The undersigned further observes that the "Notice Of Counsel's Address" (Document No. 21) is somewhat vague on the relationship between Mr. Bowling and the Olinksy Law Group in this action. To the extent there are attorneys from the Olinsky Law Group doing substantive work on this case, or other cases before the undersigned, they should seek admission pursuant to the Local Rules of this Court. See Local Rule 83.1

**IT IS, THEREFORE, ORDERED** that Defendant's "Consent Motion For Reversal And Remand Pursuant To Sentence Four Of 42 U.S.C. § 405(g)" (Document No. 22) is **GRANTED**. This matter is **REMANDED** to the Acting Commissioner of the Social Security Administration for further proceedings.

**IT IS FURTHER ORDERED** that counsel for Plaintiff shall confirm the status of Mr. Eaglin's representation in this matter. Moreover, Mr. Eaglin and Mr. Bowling shall confirm that that their information is accurate in any other matter pending before the undersigned and that any other attorneys working on those cases have sought appropriate admission before this Court. See Local Rule 83.1.

**SO ORDERED**.    Signed: December 27, 2017

David C. Keesler
United States Magistrate Judge