# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CASE NO. 1:17-CV-099-DCK

| | |
|---|---|
| TRES CONLEY WALDROOP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| KILOLO KIJAKAZI, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Notice Of Motion For Attorney's Fees Pursuant To Social Security Act § 206(b)(1)" (Document No. 34). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and the motion is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion.

By the instant motion, Plaintiff's counsel seeks an award of attorney fees under the Social Security Act, 42 U.S.C. § 406(b), which provides that a "court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past due benefits to which claimant is entitled by reason of such judgment."

Plaintiff states that upon remand there was a finding that Plaintiff is disabled, but the motion does not indicate when that decision was made or the amount of past due benefits awarded. However, Plaintiff does provide a letter from the Social Security Administration ("SSA") showing that the SSA withheld $22,350.13, "which represents 25 percent of the past due benefits for Tres C Waldroop." (Document No. 34-3); <u>see also</u> (Document No. 34-1, p. 2). Apparently, $16,735.00

has already been paid to the Plaintiff's hearing representative. Id. Plaintiff's counsel now seeks the remaining balance of available funds for fees pursuant to 42 U.S.C. § 406(b)(1).

The undersigned notes that Plaintiff's "Motion For Attorney's Fees Pursuant To The Equal Justice Act, 28 U.S.C.A. § 2412" (Document No. 30) sought, and was allowed, attorney's fees in the amount of $4,541.00. (Document No. 33). Plaintiff's counsel now asserts that the EAJA attorney fees will be reimbursed to Plaintiff upon award and receipt of the § 406(b) fees. (Document No. 34-1, pp. 2-3).

Relevant caselaw provides that a court should review contingent-fee agreements, such as the one here, for reasonableness. Griffin v. Astrue, 1:10-CV-115-MR, 2012 WL 3155578 at *2 (W.D.N.C. August 2, 2012) (citing Gisbrecht v. Barnhart, 535 U.S. 789 (2002) and Mudd v. Barnhart, 418 F.3d 424 (4th Cir. 2005)).

Plaintiff's counsel now seeks an award of $5,615.00 in attorney's fees. (Document No. 34-1). In response, Defendant states it "neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b), in the amount of $5,615.00." (Document No. 36, p. 1). Defendant's response gives no indication of whether it views the fees as reasonable, and as such, is not particularly helpful.

Under the circumstances of this case, the undersigned is satisfied that Plaintiff's request for fees is reasonable and consistent with applicable authority.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Notice Of Motion For Attorney's Fees Pursuant To Social Security Act § 206(b)(1)" (Document No. 34) is **GRANTED**. The Court finds that Plaintiff's counsel should be awarded attorney's fees in the amount of **$5,615.00**.

**IT IS FURTHER ORDERED** that upon receipt of the requested fee, Plaintiff's counsel shall promptly refund Plaintiff Tres Conley Waldroop the EAJA fee amount of **$4,541.00**.

**SO ORDERED**.

Signed: October 14, 2022

David C. Keesler
United States Magistrate Judge